IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DARYL W. SMITH,

       Petitioner,

v.                                                    Civil Action No. 1:08CV138
                                             (Criminal Action No. 1:03CR39-09)
UNITED STATES OF AMERICA,                                              (STAMP)

       Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
DENYING CERTIFICATE OF APPEALABILITY**


I.   Procedural History

The pro se[1] petitioner, Daryl W. Smith, filed a petition under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. In response to an order directing the respondent to answer, the respondent filed a response to the petitioner's § 2255 petition to which the petitioner filed a reply.

This matter was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation 83.01, et seq. Following review, Magistrate Judge Kaull submitted a report and recommendation recommending that the petitioner's § 2255 petition be dismissed. The magistrate judge informed the parties that if either objected to any portion of the recommendation for disposition, they must file written objections within ten days after being served with a

_____

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

copy of the report and recommendation. The petitioner filed timely objections. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, and that the petitioner's § 2255 motion to vacate, set aside or correct sentence should be denied and dismissed.

## II. Facts

On December 10, 2003, the petitioner was found guilty by a jury in the United States District Court for the Northern District of West Virginia for one count of conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A) (Count One); one count of aiding and abetting the distribution of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), 860, and 18 U.S.C. § 2 (Count Twenty-Nine); and possession with intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Thirty).

On May 19, 2004, the petitioner was sentenced to 360 months imprisonment. The petitioner appealed, and the United States Court of Appeals for the Fourth Circuit, while finding no error in the petitioner's conviction, vacated the sentence and remand for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). On remand, the district court again sentenced the petitioner to 360 months imprisonment. The petitioner thereafter

filed a second direct appeal of his conviction and new sentence. The Fourth Circuit later affirmed the new sentence. The petitioner then filed an appeal with the United States Supreme Court, which was denied.

Subsequently, on July 7, 2009, the district court granted the petitioner's motion to reduce sentence pursuant Amendment 706 of the sentencing guidelines, which generally reduces by two levels the base offense level for crack cocaine offenses in § 2D1.1(c) of the guidelines. See Amendment 706, Supplement to Appendix C, Amendments to the Guidelines Manual. Thus, the petitioner's sentence was reduced to 292 months.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### IV. Discussion

In his petition, the petitioner claims that he is entitled to relief under § 2255 for several reasons:

(A) <u>Claim One</u>: The petitioner alleges that he received ineffective assistance of counsel because (1) trial counsel was inexperienced in federal law; (2) counsel gave petitioner misleading information concerning case; (3) counsel did not call witnesses requested by the petitioner; (4) counsel formulated poor trial strategy; (5) counsel filed motions under the wrong titles; (6) counsel's opening statement was "mediocre and racist"; and (7) counsel did not have proper credentials to represent petitioner in all proceedings.

(B) <u>Claim Two</u>: The petitioner alleges that the instructions to the remaining jury members to proceed with deliberations after the dismissal of one jury member was improper.

(C) <u>Claim Three</u>: The petitioner alleges that he was sentenced to crack cocaine penalties in spite of the fact that the substance was never proven to be crack.

(D) <u>Claim Four</u>: The petitioner alleges that police witnesses fabricated evidence to implicate him in the conspiracy.

(E) <u>Claim Five</u>: The petitioner alleges that the trial judge violated his Sixth Amendment rights during sentencing by taking into account conduct which the petitioner had been acquitted of.

(F) <u>Claim Six</u>: The petitioner alleges that his sentence for Count Twenty-Nine of the indictment was improper because there was no listed threshold drug amount.

(G) <u>Claim Seven</u>: The petitioner alleges that his 360 month sentence creates an unacceptable disparity between the petitioner and his "more culpable co-defendants."

(H) <u>Claim Eight</u>: The petitioner alleges that the district court erred in applying a twenty year mandatory minimum for Count One.

(I) <u>Claim Nine</u>: The petitioner alleges that the trial judge's instructions to the jury were improper.

(J) <u>Claim Ten</u>: The petitioner alleges that it was improper for a black defendant to stand trial before an all-white jury.

(K) <u>Claim Eleven</u>: The petitioner alleges that it was improper for the Court to rely on facts stated in the presentence report to enhance the petitioner's sentence.

This Court discusses each of these claims in turn.[2]

A. <u>Claim One</u>

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. <u>Id.</u> at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). This Court addresses each of the petitioner's ineffective assistance of counsel claims individually.

1. <u>Inexperience in Federal Law</u>

The petitioner contends that his trial counsel was inexperienced in federal law, and that such inexperience led counsel to commit several errors while representing the petitioner. This Court finds that this argument lacks merit.

"When considering an ineffective assistance of counsel claim, the attorney's actual performance is examined, rather than his or her experience, which is an indicator of the attorney's likely performance." <u>Kandies v. Polk</u>, 385 F.3d 457, 469 n.7 (4th Cir.

[2]Prior to addressing the petitioner's claims in his report and recommendation, the magistrate judge discussed the timeliness of the petitioner's § 2255 motion, ultimately determining that the petition was timely. This Court agrees, and therefore, proceeds to the analysis of the petitioner's claims.

2004), <u>vacated on other grounds</u>, <u>Kandies v. Polk</u>, 545 U.S. 1137 (2005).  <u>See also</u> <u>Beasley v. Holland</u>, 649 F. Supp. 561, 567 (S.D. W. Va. 1986) ("[M]ere inexperience does not state a claim for relief based on ineffective assistance of counsel.").  Rather, in order to succeed, the petitioner must prove that counsel's representation fell "below objective standards of reasonableness." <u>Strickland</u>, 466 U.S. at 687.

Here, counsel was successful in having the jury return not-guilty verdicts for half of the six felony counts that the petitioner was facing.  In light of this fact, and in reviewing the record, this Court finds that counsel's representation was more than reasonable.

2. <u>Relating Misleading Information</u>

In this claim, the petitioner asserts that during pretrial discussions, defense counsel told him that a conviction would cost the petitioner twenty to twenty-four years in prison.  A month later, counsel allegedly spoke with the petitioner about taking a plea, as the charges in the recently-filed superseding indictment raised his potential minimum sentence to forty years.  Later, during sentencing, however, the petitioner contends that he first learned that the sentencing guidelines called for a sentence of only thirty years to life.  Therefore, the petitioner claims that he was provided false information, making his counsel ineffective.

It is well established that the "miscalculation or erroneous sentenced estimation by defense counsel is not a constitutionally

deficient performance rising to the level of ineffective assistance of counsel." Hughes v. United States, 2007 WL 841940, at *4 (W.D.N.C. Mar. 19, 2007) (citing United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993)) (internal quotations omitted). The Fourth Circuit has stated that

> the sentencing consequences of guilty pleas (or, for that matter guilty verdicts) are extraordinarily difficult to predict. Although the sentencing guidelines significantly restrict the sentencing discretion of the district courts, that discretion is still extensive, and predicting the exercise of that discretion is an uncertain art. Therefore, . . . a mistaken prediction is not enough in itself to show deficient performance, even when that mistake is great[.]

McLachlan v. United States, 2008 U.S. Dist. Lexis 66239 (N.D. W. Va. 2008).

Counsel in this case, by providing the information that he did, made no error so serious that he failed to function as effective counsel under the Sixth Amendment, or prejudiced the petitioner. Accordingly, this claim must fail.

3. Failure to Call to Testify Certain Witnesses Requested by the Petitioner

The petitioner contends that defense counsel failed to subpoena and call to testify certain witnesses, specifically Jill Templin, the petitioner's girlfriend. The petitioner asserts that this witness would have provided an alibi to Count Thirty, regarding why he was carrying cocaine base at the time of his arrest.

This Court agrees with the magistrate judge that the petitioner is making vague assertions which are not supported by the record. At a previous suppression hearing, witness Templin provided no such testimony. That the witness would have testified differently than she previously did at the suppression hearing is without basis.

4. <u>Formulation of Poor Trial Strategy</u>

Next, the petitioner argues that counsel formulated a poor trial strategy by forming the petitioner's entire defense around impeaching his co-defendants with their fraudulent memorandum of interviews and grand jury testimony. The petitioner states that counsel did not realize that the co-defendants could not be impeached with their memorandum of interviews because they were not sworn statements until after trial already began.

The magistrate judge recognized that in its opinion affirming the petitioner's sentence on February 8, 2007, the Fourth Circuit specifically found that the petitioner's counsel had been effective in challenging the credibility of at least one co-defendant with these documents. Therefore, for the same reasons that the Fourth Circuit found the petitioner's counsel cross-examination and impeachment of the co-defendant to be satisfactory, the magistrate judge found that the petitioner's claim lacks merit. This Court agrees. Furthermore, although the petitioner objects to this part of the report and recommendation, he merely restates his argument

as to why trial counsel was ineffective as to the formulation of the trial strategy, and this objection is thus overruled.

5. <u>Filing of Mistitled Motions</u>

In this claim, the petitioner asserts that his counsel was ineffective because he requested a copy of the petitioner's criminal history and titled both a motion in limine and a motion to dismiss under the same title, which the Court later held was not a motion in limine. This misidentification precluded the petitioner, he argues, the opportunity to make a specific argument.

While this Court did find that the motion, as filed, was not a motion in limine, but rather an untimely motion to dismiss, it nonetheless ruled on the motion at the pretrial conference held on December 2, 2003. Thus, this claim lacks merit.[3]

6. <u>Opening Statement "Mediocre and Racist"</u>

The petitioner argues that his counsel was ineffective because his opening statements were improper, prejudicial, and racist. He asserts that counsel's statements "make it abundantly clear that being a blackman [sic] alone is a crime."

_____

[3]In his objections, the petitioner states that he was merely pointing out the errors that were committed, even if this one was minor. The petitioner's objection does not change this Court's ruling affirming the magistrate judge's recommendation as to this claim.

This Court agrees with the magistrate judge that the petitioner has taken counsel's words out of context.[4]  In opening statement, counsel stated the following:

> I will tell you something right from the start, I am going to surprise these gentlemen, Mr. Smith is guilty. He is guilty of being a black man.  He is guilty of having long hair.  He is probably guilty of knowing a few people who aren't exactly the most model citizens in the world; but he is not guilty of what the government is charging him with.

(Trial Tr., Day 1, at 55, Docket No. 272-1).  After reviewing the opening statement, this Court finds that counsel's remarks did not render the petitioner a fundamentally unfair trial, and this claim must be dismissed.

7.  Proper Credentials

The petitioner claims that when it came time to appeal the Fourth Circuit's decision to the United States Supreme Court, counsel admitted that the process of filing a writ of certiorari was foreign to him.  Later, counsel apparently told that petitioner that he did not believe that the petitioner had any certiorari-worthy issues to proceed with the writ.  This proves, the petitioner argues, that counsel did not have proper credentials to represent the petitioner in proceedings following the jury trial.

Following an adverse appellate judgment, appointed counsel must inform the appellant in writing of his right to petition the Supreme Court for a writ of certiorari.  Wilkins v. United States,

---

[4]The petitioner filed an objection to this part of the report and recommendation reiterating his original argument.

441 U.S. 468 (1979).  If requested by the appellant to do so, counsel must prepare for filing and transmit to the appellant a timely petition for such a writ.  Id.  Additionally, Local Rule 46(d) of the United States Court of Appeals for the Fourth Circuit states, in pertinent part, as follows:

> The duty of counsel appointed under the CJA [Criminal Justice Act] extends through advising an unsuccessful appellant in writing of the right to seek review in the Supreme Court.  If the appellant requests in writing that a petition for writ of certiorari be filed and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall file such a petition.  If appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with the Court of Appeals.  This motion must reflect that a copy was served on the client and that the client was informed of the right to file a response to the motion within seven days.  The Clerk will hold the motion after filing for fifteen days before submitting it to the Court to allow time for appellant's response, if any, to be received.

Fourth Circuit Local Rule 46(d).  Finally, "[i]n order to establish a Sixth Amendment violation based on counsel's failure to appeal, [the petitioner] must prove that (1) counsel was ineffective and (2) but for counsel's ineffectiveness, an appeal would have been filed.  Roe v. Flores-Ortega, 528 U.S. 470 (2000).

In this case, the petitioner's counsel determined that there were no certiorari-worthy issues to raise upon appeal.  Counsel, therefore, properly and timely advised the petitioner that he was filing a motion to withdraw as his counsel, permitting the petitioner to file the writ pro se.  Counsel further requested the court to grant an extension of time for the petitioner to file his

own writ.  Eventually, the petitioner did file his <u>pro se</u> writ for certiorari.  Accordingly, the petitioner did not suffer any harm from his counsel's actions, and he cannot meet the requisite standard entitling him to relief.  The petitioner's objections to this claim are without merit.

B.   <u>Claim Two</u>

The petitioner argues in Claim Two that after the removal of a biased juror, the Court instructed the jury of eleven to proceed with deliberations, rather than restart the entire deliberation process from the beginning.  Prior to the juror being excused, the twelve-person jury made a finding of guilt on Count One.

In his report and recommendation, the magistrate judge held that this issue was raised specifically on direct appeal, and therefore, cannot be relitigated in a § 2255 motion.  The petitioner objects and states that the only issue is whether the instruction by the trial judge to the eleven-person jury to proceed with deliberations instead of starting anew in deliberations was proper.  This issue, he claims, was not raised on appeal.

Issues raised and decided on direct appeal cannot be reconsidered in a § 2255 motion absent a showing of a change of law.  <u>Davis v. United States</u>, 417 U.S. 333 (1974); <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182 (4th Cir. 1976).  In his first appeal, the petitioner argued that the district court erred in failing to grant a mistrial for jury misconduct, as well as proceeding to a

verdict with eleven jurors.  In its opinion, the Fourth Circuit

found no error, and instead stated the following:

> Under the circumstances of this case, we see no abuse of
> discretion.  The jury promptly suspended deliberations
> when the comments were made and referred to the matter to
> the court.  The court voir dired each jury individually
> determined each was willing to consider all of the
> evidence fairly and impartially.  Finally, the court
> dismissed the offending juror before allowing the jury to
> return to deliberations.

United States v. Smith, 138 F. App'x 557, 559 (4th Cir. 2005).

Furthermore,

> To the extent Smith assigns error to the district court's
> decision to allow the jury to <u>continue</u> deliberations with
> eleven jurors, we find no error.  <u>See</u> <u>United states v.</u>
> <u>Fisher</u>, 912 F.2d 728, 733 (4th Cir. 1990).

Id. at 559 n.1 (emphasis added).

Indeed, this Court finds that the issue that the petitioner

now raises in his § 2255 motion was decided by the Fourth Circuit.

The Fourth Circuit opinion states that no error occurred in the

district court's decision to allow the jury to continue

deliberations.  Thus, Claim Two is denied.

C.  <u>Claim Three</u>

The petitioner asserts that the district court was in error by

sentencing him for crack cocaine despite the fact that the

substance was never proven to be crack cocaine.  The petitioner

allegedly did not raise this issue on appeal because his attorney

did not know of it.

"In order to collaterally attack a conviction or sentence

based upon errors that could have been but were not pursued on

direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999). Furthermore, the standard of effective assistance of appellate counsel is the same as for trial counsel, and counsel is not obligated to assert all nonfrivolous arguments on appeal. <u>See Bell v. Jarvis</u>, 236 F.3d 149, 164, (4th Cir. 2000).

Here, the petitioner objects to the magistrate judge's report and recommendation regarding this claim. For the same reasons stated in the magistrate judge's report and recommendation, this Court holds that this claim lacks merit. First, there was sufficient evidence at trial to prove that the substance was crack cocaine, including a stipulation entered into between the parties that the substance was, indeed, crack cocaine.[5] Moreover, the petitioner cannot demonstrate that his counsel was ineffective for raising it on appeal, prove the requisite cause and prejudice, or show that a fundamental miscarriage of justice will occur if this issue is not considered on the merits. Finally, because the

---

[5]The Fourth Circuit has stated that factual stipulations have a "special nature" because they are "agreed to and signed by a defendant, his attorney, and the prosecutor. Such a stipulation is more potent than simply an admission. By so stipulating, a defendant waives the requirement that the government produce evidence (other than the stipulation itself) to establish the facts stipulated to beyond a reasonable doubt." <u>United States v. Muse</u>, 83 F.3d 672, 678 (4th Cir. 1996).

petitioner raised this issue for the first time in his § 2255 motion, rather on direct appeal, he is procedurally defaulted on this issue.  Claim Three is therefore dismissed.

D.  Claim Four

The petitioner asserts that serious police misconduct occurred throughout his trial, including police officers wrongly implicating the petitioner into the conspiracy, fabricating evidence, and giving false testimony in order to ensure his conviction.

"A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence."  Sutton v. United States, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).  The magistrate judge determined that the petitioner provided no evidence to support this claim, but merely relies on his own speculation and conjectures.  This Court agrees.  The petitioner's objection that he provided trial transcripts, summaries, and other facts to prove this misconduct is not persuasive.

E.  Claim Five

The petitioner claims that his rights were violated when the district court included as part of its relevant conduct drug weights from counts in which he was acquitted.  This claim is meritless.

In United States v. Ibanga, 271 F. App'x 298 (4th Cir. 2008), the Fourth Circuit stated the following:

Section 3661 of Title 18 provides that "[n]o limitation shall be placed on the information concerning the

15

> background, character, and conduct of a person convicted
> of an offense which a court of the United States may
> receive and consider for the purpose of imposing an
> appropriate sentence. This information includes
> acquitted conduct proven by a preponderance of the
> evidence.

Id. at 301 (citing <u>Watts v. United States</u>, 519 U.S. 148, 151

(1997)) (internal quotations omitted). The Court went on to hold

that the district court committed error in that case by excluding

acquitted conduct that it could consider in the sentencing process.

Id. Accordingly, in that the petitioner seeks to exclude acquitted

conduct in this case, his assertion is in direct contradiction with

the Fourth Circuit's holding in <u>Ibanga</u>. His claim is therefore

denied.

F. <u>Claim Six</u>

In Claim Six, the petitioner argues that his sentence in

regard to Count Twenty-Nine, aiding and abetting the distribution

of cocaine base within 1,000 feet of a playground, was improper

because the Count deficiently failed to state a "threshold drug

amount." The petitioner claims that drug quantities must be

treated as elements of the offense.

Again, the petitioner is mistaken on the law before this

Court. Following the decisions in <u>Apprendi v. New Jersey</u>, 530 U.S.

466 (2000), and <u>United States v. Booker</u>, 543 U.S. 220 (2005),

courts have required the government to specify an amount in excess

of either 5 or 50 grams of cocaine base when seeking enhanced

punishments. Should the United States fail to make such a specific

allegation, the defendant is then subject to the lowest of cocaine base penalties of up to twenty years.

This is what happened in this case, and the defendant was not indicted for a quantity of cocaine base. Consequently, he was subjected to the lowest threshold amount in the statute. His sentence was enhanced, rather, because the conduct itself occurred within 1,000 feet of a protected location. Accordingly, this claim has no merit, and nevertheless, is barred on procedural grounds because it was not raised during the petitioner's first or second appeal.

G.  Claim Seven

In this claim, the petitioner alleges that his 360 month sentence creates an unacceptable disparity between himself and his co-defendants. The petitioner also refutes the government's allegations that his extensive criminal history and obstruction of justice accusation for threatening witnesses and their families should have led to an enhancement of his sentence. He further argues that he should not be punished for pursuing a jury trial rather than taking a lower sentence through a plea bargain, as his co-defendants did in this case.

Similar to the assertions in Claim Two, this claim has been previously heard and rejected by the Fourth Circuit. See Docket No. 401, at 7-8. Accordingly, it is procedurally barred from being raised in this collateral attack and is dismissed. Boeckenhaupt, 537 F.2d at 1182.

## H. Claim Eight

The petitioner asserts that the district court erred in applying a twenty year mandatory minimum sentence for this Count One conviction. Instead, the petitioner argues that no mandatory minimum penalty should have been imposed.

The petitioner was charged in a conspiracy to distribute more than 50 grams of cocaine base. At trial, in which the petitioner was the lone defendant because the others all accepted plea agreements, the jury was given a verdict form in order to determine whether the petitioner was guilty of conspiracy to distribute cocaine base. If they found the defendant guilty of conspiracy beyond a reasonable doubt, they were then given a special interrogatory to answer that read, "Having found the defendant guilty in Count One, the jury further finds beyond a reasonable doubt that the crime involved 50 grams or more of cocaine base, also known as crack." After finding the petitioner guilty, the jury marked the box for this special interrogatory.

Based upon such a verdict, the petitioner would normally be subject to a statutory sentence of not less than ten years nor more than life pursuant to 21 U.S.C. § 841(b)(1)(A). Prior to trial, however, the government filed an information under 21 U.S.C. § 851, indicating that the defendant had two previous felony drug convictions. The defendant then stipulated to these previous convictions, which by statute, then raised his potential sentence

for a conviction on Count One to not less than twenty years to life imprisonment.

Although he did not make an objection to this mandatory minimum ruling at his original sentencing, the petitioner did object during his second sentencing following remand by the Fourth Circuit. The court overruled the objection, and the petitioner did not raise this issue during either his first or second appeal.

As in Claim Three, Claim Eight is procedurally defaulted for failure to raise on direct appeal, subject to the petitioner demonstrating cause and prejudice for the default or a fundamental miscarriage of justice. See <u>Mikalajunas</u>, 186 F.3d at 492-93. The petitioner has made no such showing, in either his § 2255 motion or his objections to the magistrate judge's report and recommendation, and this claim is dismissed.

I.  <u>Claim Nine</u>

In this claim, the petitioner asserts that the court's instructions to the jury were improper because the court played both roles of judge and jury and usurped the jury's authority at sentencing through its utilization of relevant conduct of the co-defendants. In his objections, the petitioner states that he stands on this ground despite the magistrate judge's report and recommendation to dismiss this claim.

The magistrate judge determined that this claim appears to be a combination of other arguments made in the petitioner's § 2255 motion, particularly Claim Five and Claim Eleven. Because those

19

claims lack merit, for the reasons stated in those subsections, this claim, too, lacks merit. This Court agrees.

## J.  Claim Ten

The petitioner asserts that it was improper for him as an African-American to be convicted by a jury composed of "no blacks nor other ethnic groups."  The petitioner reiterates this argument in his objections to the magistrate judge's report and recommendation, and argues that the evidence is in the jury pool.

In order to establish a prima facie violation of the fair-cross-section requirement, a defendant must show the following:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

Duren v. Missouri, 439 U.S. 357, 364 (1979).  The petitioner has provided no evidence to support any of these factors.  This claim, therefore, is meritless.

## K.  Claim Eleven

Finally, the petitioner asserts that it was a violation of his Sixth Amendment rights for the district court to adopt the facts within the presentence report in order to enhance his sentence. The petitioner further argues that it is unlawful for a judge to make relevant conduct calculations that were not specifically found by the jury under certain Supreme Court decisions, including Booker.

20

Again, this Court holds that this issue has been previously addressed on the merits and decided by the Fourth Circuit during the petitioner's second appeal. Thus, this claim is procedurally barred and accordingly dismissed. <u>Boeckenhaupt</u>, 537 F.2d at 1182.

V. <u>Conclusion</u>

Based upon a <u>de novo</u> review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, affirmed and adopted in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED. It if further ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336–

38 (2003).  Upon review of the record, this Court finds that the petitioner has not made the requisite showing.  Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:  August 6, 2010


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE