IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DARYL W. SMITH,**

        **Petitioner,**

v.                                           **Civil Action No. 1:12cv161**
                                                **Criminal Action No. 1:03cr39-9**
                                                       **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## REPORT AND RECOMMENDATION

On October 15, 2012, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Dkt.# 608). After a Notice of Deficiency issued the same day, petitioner filed his petition on a court-approved form on October 31, 2012. This case is before the undersigned for a report and recommendation pursuant to LR PL P 2.

### I. Procedural History

**A. Conviction and Sentence**

On July 3, 2003, petitioner and nine other individuals were named by a federal grand jury in a twenty-nine count indictment. (Dkt.# 1). Specifically, the petitioner was named in five counts of the indictment alleging: Count 1 (conspiracy to distribute in excess of 5 grams of cocaine base from on or about August 28, 2002 to on or about the date of the indictment, in violation of 21 U.S.C. § 841(a)(1), 846 and 841(b)(1)(B)); Count 13 (aiding and abetting the distribution of cocaine base within 1,000 feet of a playground on or about February 20, 2003, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(C), 860, and Title 18, U.S.C. § 2); Count 14 (possession with intent to distribute more than five (5) grams of cocaine base on or about February 20, 2003, in violation of

21 U.S.C. § 841(a)(1), 841(b)(1)(C)); Count 20 (aiding and abetting the distribution of cocaine base within 1,000 feet of a playground on or about April 15, 2003, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(C), 860, and Title 18, U.S.C. § 2); and Count 29 (aiding and abetting the distribution of cocaine base within 1,000 feet of a playground on May 29, 2003, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(C), 860, and Title 18, U.S.C. § 2). Id.

On September 4, 2003, a Superseding Indictment (Dkt.# 153) was filed, specifically naming petitioner in six out of thirty counts, alleging: Count 1 (conspiracy to distribute more than 50 grams of cocaine base from at least the spring of 2002 to on or about July 9, 2003, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 841(b)(1)(A)); Count 13 (aiding and abetting the distribution of cocaine base within 1,000 feet of a playground on or about February 20, 2003, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(C), 860, and Title 18, U.S.C. § 2); Count 14 (possession with intent to distribute cocaine base on or about February 20, 2003, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)); Count 20 (aiding and abetting the distribution of cocaine base within 1,000 feet of a playground on or about April 15, 2003, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(C), 860, and Title 18, U.S.C. § 2); Count 29 (aiding and abetting the distribution of cocaine base within 1,000 feet of a playground on May 29, 2003, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(C), 860, and Title 18, U.S.C. § 2); and Count 30 (possession with intent to distribute more than 5 grams of cocaine base, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(B)). Id.

On December 3, 2003, an Information regarding petitioner's two prior felony drug convictions was filed by the respondent pursuant to 21 U.S.C. § 851. (Dkt.# 211). Petitioner proceeded to trial, and on December 10, 2003, the sixth day of trial, he was convicted on three

counts and found not guilty on three counts. (Dkt.# 219). He was convicted of conspiracy to distribute more than 50 grams of cocaine base (Count One), aiding and abetting the distribution of cocaine base with 1,000 feet of a playground (Count Twenty-Nine), and possession with intent to distribute more than 5 grams of cocaine base (Count Thirty). Id.

Pursuant to the District Court's directive, a Pre-Sentence Investigation Report was prepared, which recommended relevant conduct in excess of 500 grams of cocaine base, and an enhancement for obstruction of justice for threatening and intimidating witnesses. (Dkt.# 263 at 18-25). In addition, because petitioner was found guilty of distribution activity within 1,000 feet of a playground in violation of 21 U.S.C. § 860, an increase of one level pursuant to U.S.S.G. § 2D1.2(a)(2) was also assessed. (Dkt.# 463 at 2-3). On May 19, 2004, petitioner was sentenced to 360 months imprisonment. (Dkt.# 266).

**B.     First Direct Appeal**

Petitioner filed a direct appeal of his sentence to the Fourth Circuit Court of Appeals on May 26, 2004. (Dkt.# 267). On July 13, 2005, in a *per curiam* opinion, the Fourth Circuit Court of Appeals, affirmed in part and vacated in part the District Court's judgment, finding no error in petitioner's conviction, but vacated the sentence for reconsideration and re-sentencing, in accordance with United States v. Booker, 125 S.Ct. 738 (2005). (Dkt.# 295). On remand on June 29, 2006, the District Court once again sentenced the petitioner to 360 months of imprisonment. (Dkt.# 375).

**C.     Second Direct Appeal**

Petitioner filed a notice of appeal of his new sentence on July 6, 2006. (Dkt.# 380). On February 6, 2007, the Fourth Circuit Court of Appeals affirmed the new sentence by unpublished

*per curiam* opinion. (Dkt.# 401). On May 3, 2007, petitioner filed a petition for writ of *certiorari* with the United States Supreme Court. It was denied on June 29, 2007.

### D. Other Collateral Proceedings

On June 3, 2009, through counsel, petitioner filed a motion for retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. 3582. By Order entered July 7, 2009, the District Court granted the petitioner's motion and reduced his sentence from 360 months to 292 months. (Dkt.# 488).

On September 6, 2011, petitioner filed a *pro se* Motion Pursuant to Federal Rules of Criminal Procedure, Rule 36 Clerical Error. (Dkt.# 568). By Order entered June 22, 2012, the Court denied the motion. (Dkt.# 593). Petitioner filed a timely notice of appeal. On September 14, 2012, the Fourth Circuit Court of Appeals affirmed the decision in an unpublished *per curiam* opinion. (Dkt.# 604). Petitioner did not seek further review.

By Order entered *sua sponte* on November 7, 2011, the Court reduced petitioner's sentence further, pursuant to 18 U.S.C. 3582(c)(2), from 292 months to 235 months. (Dkt.# 575).

### E. First §2255 Motion

Petitioner filed his first motion to vacate under §2255 on July 8, 2008, raising multiple grounds for relief. (Dkt.# 420). On August 3, 2009, the magistrate judge issued a Report and Recommendation, recommending that petitioner's §2255 motion be denied. (Dkt.# 492). After petitioner filed timely objections, on August 6, 2010, the Court affirmed and adopted the Report and Recommendation, dismissing the §2255 motion and denying a certificate of appealability. (Dkt.# 528). Petitioner did not appeal.

### F. Second §2255 Motion

In his tersely-worded motion, filed without a memorandum of law in support, petitioner contends that, pursuant to a defense objection sustained by the Court at re-sentencing, the applicable statutory term of imprisonment of 0 - 30 years he received was not in accordance with the Fourth Circuit Court of Appeals' decision in United States v. Collins, 415 F.3d 304, 311 - 15 (4th Cir. 2005). He contends that he should have been sentenced under the "Default Penalty Provision" of under 5 grams of cocaine base, entitling him to a Base Offense Level of 24, which, with his 2-level obstruction of justice enhancement, 1-level increase for a protected area, and 7 criminal history points, should have given him a sentencing guideline range of 100 - 125 months of imprisonment, and he received a 360-month sentence.

As relief, he requests that his sentence be "corrected" to the applicable guideline range of 100 - 125 months as outlined in United States v. Collins, *supra.*

## II. Analysis

**Second and Successive §2255 Motions Prohibited**

Section §2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in §2255 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

In order for a petition to be considered successive, the first petition must have been dismissed

on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). Petitioner's first § 2255 motion was dismissed on the merits, and thus he is barred from filing a subsequent motion without leave of the Fourth Circuit. See Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); see also United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001); United States v. Flanory, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002).

Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court and he has not even attempted to allege newly-discovered evidence by which a reasonable factfinder could have found him not guilty of the offense, or any new rule of constitutional law, previously unavailable, made retroactive to cases on collateral review by the Supreme Court. Therefore, pursuant to 28 U.S.C. §2244 and §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under §2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Consequently, without addressing the merits of petitioner's claims, the undersigned recommends that petitioner's §2255 motion be denied with prejudice for lack of jurisdiction.

### IV. Conclusion

For the reasons set forth in this opinion, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion (Dkt.# 608) and **DISMISSING** this case with prejudice.

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by November 15, 2012**, any party shall file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such

objections. A copy of such objections shall also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: October 31, 2012.

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE